HOBSON, Judge.
Appellant Davis appeals a judgment entered upon his conviction of the crime of robbery, after the lower court had denied Davis’ motion to suppress his oral statement made to a detective. This was the only evidence to connect Davis with the crime, since the victim of the robbery was unable to identify him as one of the robbers.
Davis contends that his constitutional right to have counsel was denied when the jailer prevented his attorney from seeing him prior to making his statement. We agree.
Davis was arrested on February 10, 1972, advised of his constitutional rights and taken to the interrogation section of the sheriff’s department where he signed a “consent to interview,” but did not give a statement at that time, stating to the detective that he was confused and needed time to get his thoughts together.
Davis’ father employed an attorney to represent his minor son. The following morning at approximately 9:30 A.M. the attorney called at the couty jail, made a request of the officer on duty to,see his client and signed the interview docket at the desk. He was advised by the jailers that they were too busy to get Davis, although other attorneys were permitted to see their clients.
The detective who obtained the oral confession testified that he arrived at the county jail on the same morning, signed the record at the desk to interview Davis, and shortly thereafter, between 10:00 and 11:00 A.M. Davis was sent to the interview room where the detective interrogated him between thirty minutes and an hour.
While still waiting to see his client at approximately 11:00 A.M., Davis’ attorney saw the detective and Davis after they had come out of the interview room, and was told by the detective that he was taking Davis upstairs to reduce his confession to writing.
We think that the facts in this case are distinguishable from those in State v. Craig, Fla.1970, 237 So.2d 737. In the first place, Davis was only seventeen years of age when he was arrested for the crime, and his father immediately hired an attorney to advise and protect the interests of his minor son. In the second place, the record is clear that Davis’ attorney requested to see his client at least thirty minutes before the detective made his request to interview Davis.
Whether this was the result of administrative problems or a deliberate attempt to deprive the defendant of the aid of counsel until after a confession had been obtained, the result was that this seventeen year old boy was deprived of “effective representation by counsel at the only state when legal aid and advice would help him.” See Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.
In view of our ruling, it is unnecessary to consider the other point raised by appellant.
The judgment appealed is therefore reversed and the cause remanded for further proceedings.
Reversed and remanded.
MANN, C. J., concurs.
BOARDMAN, J., concurs in conclusion only.